I respectfully dissent from the majority Opinion and Award, herein, solely on the issue of whether the June 15, 2005 work injury Wade W. Keith (hereinafter referred to as "Plaintiff") sustained caused or contributed to his diagnosis of depression. It is well-settled in North Carolina that if a physical injury precipitates a psychological disorder such as depression, then the disability caused by such psychological disorder, as well as the treatment required for it, is compensable under the North Carolina Workers' Compensation Act. Hill v. Hanes Corp.,319 N.C. 167, 353 S.E.2d 392 (1987). In this case, both Plaintiff and his treating health care providers testified that he never suffered from depression prior to his June 15, 2005 work injury, and several of his treating health care providers concluded that his work injury caused him to develop depression.
Following Plaintiff's June 15, 2005 work injury, Dr. Jennifer Hancock Chapman, his primary care physician with whom he had an established relationship since 2001, noted on November 28, 2005 that "[h]e becomes tearful during our visit. He fractured his left leg and it is not healing well. He is very frustrated that he can't work. He is unable to sleep and often becomes tearful. Has no desire to do anything." As a result, Dr. Chapman diagnosed Plaintiff with depression, prescribed an anti-depressant and a sleep aid, and referred him to Mr. Darrell T. Garner, a licensed clinical social worker, for psychological counseling in order to treat his depression. Prior to this November 28, 2005 office visit, Dr. Chapman treated Plaintiff for anxiety; however, Dr. Chapman testified that anxiety and depression are completely different *Page 11 
diagnoses, that Plaintiff did not suffer from depression prior to his June 15, 2005 work injury, and that the new finding of "depression is directly related to his [work] injury and his Orthopedist agrees." Dr. Chapman based her opinion that Plaintiff's June 15, 2005 work injury caused his depression on the fact that this work injury rendered him unable "to do the job that he had been doing for years," and that this inability to work produced feelings of frustration and insomnia, which affected him both financially and emotionally. In addition to Dr. Chapman, Mr. Garner, as well as Dr. Timothy Wade McGowen, Plaintiff's orthopaedist, also opined that Plaintiff's June 15, 2005 work injury caused his depression.
The greater weight of the evidence of record in this case establishes that the physical injuries that Plaintiff sustained as a result of his June 15, 2005 work injury, as well as the complications from these physical injuries, including his chronic pain, inability to work, and other lifestyle changes, caused Plaintiff to become depressed. As a consequence, I therefore respectfully dissent from the majority opinion. I would hold that Defendant should be responsible for payment of all medical/psychological treatment that is reasonably related to Plaintiff's depression, for so long as such medical/psychological treatment may be required to effect a cure, to give relief, and/or to lessen his period of disability.
 S/_________________________
 BERNADINE S. BALLANCE
 COMMISSIONER *Page 1